**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**



**JANICE FLOWERS, Individually and as**
**Personal Representative on Behalf of the**
**Wrongful Death Beneficiaries of**
**DEMOND DEANGELO FLOWERS**

                                                                    **PLAINTIFF**

**v.**                                    CIVIL ACTION NO.  5:13CV122 DCB-MTP

**CORRECTIONS CORPORATION OF AMERICA**
**("CCA") and JOHN AND JANE DOES 1-100**                      **DEFENDANTS**

## COMPLAINT

### *Jury Trial Demanded*

1.      This complaint is brought by Janice Flowers (hereinafter, "Plaintiff"),

Individually and as Personal Representative on behalf of the wrongful death beneficiaries of

Demond DeAngelo Flowers (hereinafter, "Decedent"), by and through undersigned counsel,

against Corrections Corporation of America and John and Jane Does 1-100.

## JURISDICTION AND VENUE

2.      Subject Matter Jurisdiction is appropriate in federal court since a federal question

is raised pursuant to 42 U.S.C. 1983 as well as the 8th and 14th Amendments to the United States

Constitution.  Subject Matter Jurisdiction is also appropriate based upon diversity of citizenship

as the Plaintiff and Defendant are citizens of different states and the claim is in excess of

$75,000.00.  28 U.S.C. § 1332.  The Court also has pendent jurisdiction over the Plaintiff's state

causes of action.

3.      Venue is appropriate in this Court as all acts and/or omissions occurred in

Wilkinson County, Mississippi, which is located within the Southern District of the United States

District Court, Western Division.

## PARTIES

4.      Plaintiff, Janice Flowers, is an adult resident citizen of the First Judicial District of Hinds County, Mississippi.  Her current residence is 1555 Westhaven Boulevard, Jackson, Hinds County, Mississippi 39209.   Plaintiff, the natural mother of the Decedent, brings this action Individually and on behalf of the three (3) other surviving heirs/wrongful death beneficiaries of Decedent: Greg Davenport, natural father, who's current residence/location is unknown, yet may be determined through publication; Denise Flowers, natural sister, who's current residence is 1555 Westhaven Boulevard, Jackson, Hinds County, Mississippi 39209; and Justin Flowers, natural brother, who's current residence is 1555 Westhaven Boulevard, Jackson, Hinds County, Mississippi 39209.

5.      Decedent was, at all times material to this Complaint, incarcerated at Wilkinson County Correctional Facility (hereinafter, "WCCF").  Substantial acts, omissions, and events that caused the Decedent's death took place in Wilkinson County.  At the time of the incident which gives rise to this Complaint, Decedent was a 21 year old citizen of the State of Mississippi, and a prisoner incarcerated at WCCF.  Plaintiff, as Personal Representative, brings this action pursuant to Mississippi Code Ann. § 11-7-13 (1972), the Wrongful Death Statute.

6.      Defendant, CCA, is a Maryland corporation with its principal place of business located in Nashville, Tennessee.  CCA "manages approximately 80,000 inmates including males, females and juveniles at all security levels, in more than 60 facilities under contract for management in 16 states, more than a dozen municipalities, Puerto Rice and the Virgin Islands." http://www.cca.com/facilities (last accessed 04.22.2013).  CCA manages and operates WCCF, a multi-security prison for males, under a contract with the Mississippi Department of Corrections. CCA has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards.  Defendant CCA is a for-profit private prison corporation

2

incorporated and existing in the State of Maryland and maintaining a principal place of business at 110 Burton Hills Boulevard, Nashville, Tennessee 37215. CCA is subject to the in personam jurisdiction of this Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

Raymond Byrd is the Warden at WCCF. Warden Byrd is responsible for the administration of WCCF, and has the duty to hire, supervise, train and discipline the staff at the prison, and to ensure the prison's compliance with MDOC's policies and procedures and the laws and Constitutions of Mississippi and the United States. His duties also include reviewing, investigating and responding to prisoner grievances and complaints.

7.     The Plaintiff is ignorant as to the identities of John and Jane Does 1-100 who are unknown WCCF/CCA officers, employees, agents, and or servants. Plaintiff will amend this Complaint to allege their true names and allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of each of the other Defendants herein, and were acting with the permission and consent within the course and scope of said agency and employment.

## FACTS

8.     On or about April 20, 2013, a riot broke out at WCCF due to gang activity. At some point this riot was contained; however, WCCF failed to place the inmates on lockdown even though Defendants knew or should have known that a substantial risk of future harm was imminent. Ultimately, a short time later, a second riot occurred, during which the Decedent was stabbed in the chest, which resulted in his death. Nine (9) other prisoners were injured in these

riots.

9.      The CCA prisons in Mississippi, particularly in the case *sub judice*, are notorious for gang domination and warfare.  Over the course of the last year there have been a number of riots in Mississippi facilities owned and operated by CCA, including a deadly riot that occurred in the Adams County, Mississippi facility in May, 2012, during which a guard was killed and also another riot at WCCF wherein 23 inmates were injured.  Both instances were alleged to be precipitated by gang problems.  On July 17, 2005, at another CCA prison, the Tallahatchie County Correctional Facility, located in Tutweiler, Mississippi, a group of prisoners affiliated with the dominant gang at the facility took advantage of CCA's failure to maintain security of cell doors and brutally assaulted Hawaii prisoner Ronnie Lonoaea, inflicting massive injuries to his head and face, and leaving him for dead.  *See Lonoaea v. CCA,* 665 F. Supp. 2d 677 (N.D. Miss. 2009).  It is evident that for years, gang violence has run rampant and troubled many CCA prisons within the State of Mississippi, and even clearer that CCA has failed to rectify these problems.

10.      Defendant CCA has also failed to properly staff their facilities.   WCCF is constantly short-staffed, and officers are oftentimes left responsible for two zones at a time.  This understaffing also lends to and creates violent conditions.  Defendants have long been aware that the routine understaffing at WCCF creates a risk of serious harm to the inmates incarcerated there; however, as a result of State laws in Mississippi which mandate that private facilities must provide their services for 10 percent less than it would cost the state, these private prisons "save money by paying their staff less than state employees are paid, firing employees in a quick and less-expensive manned, and by providing shorter educational and vocational programs to inmates," as stated by Christopher Epps, the Commissioner for the Mississippi Department of Corrections.

4

11.     CCA has a nationwide pattern of greed-driven corner-cutting and short-staffing that has allowed it to have a net income of $162 million dollars in 2011, but has left hundreds of thousands of inmates housed in facilities with undertrained and understaffed guests.

12.     The understaffing of the facility and the minimal supervision Warden Byrd provides to correctional officers in the facility contribute to staff abuse and exploitation of the inmates incarcerated there.  Because staffing is so thin and supervision so minimal, corrections officers who want to exploit prisoners have ample opportunity to do so.   Many officers knowingly allow inmates with ongoing conflicts out of their cells at the same time to allow fights and attacks to take place.  Many officers are complicit in these beatings, looking the other way and allowing inmates to leave their cells and inflict harm upon other inmates.  Warden Byrd receives many complaints from inmates regarding these problems but rarely conducts thorough investigations or takes corrective action.

13.     Weapons are readily available throughout the prison.  Warden Byrd is aware of this problem, which is documented in the Incident Reports, Extraordinary Incident Reports, and prisoner grievances that Warden Byrd reviews. Yet, Warden Byrd has failed to take reasonable measures to protect inmates from receiving weapons-induced injuries.

14.     By the terms of the contract it holds with the Mississippi Department of Corrections, CCA is responsible for operating the prison in a manner intended to keep its prisoners safe.  CCA and Warden Byrd demonstrate wanton disregard for life by not authorizing thorough investigations and implementing stringent standards to ensure the safety of all inmates housed at WCCF.

## NEGLIGENCE/GROSS NEGLIGENCE

15.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 14 hereinabove.

16.     At all times relevant herein, every Defendant had a duty to exercise ordinary care for the prisoners at WCCF, including the Decedent, Demond DeAngelo Flowers.   Every Defendant breached that duty, by failing to use the ordinary care that a reasonable person would use to avoid injury to others, which led directly to Demond DeAngelo Flowers's death, and injuries to Plaintiff.  The breach was so egregious as to amount to gross negligence.

17.     Decedent's injuries, and his wrongful death, were the reasonably foreseeable outcome of Defendant's acts and omissions.   These acts and/or omissions were substantial factors in bringing about the Decedent's injuries, his wrongful death, and the accompanying damage to Plaintiff.

## NEGLIGENT HIRING AND SUPERVISION

18.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 17 hereinabove.

19.     Plaintiff alleges Defendants CCA, Warden Byrd and John Does 1-100 negligently hired, supervised, and retained its employees, inter alia, by a) failing to care for and ensure the Decedent's safety while at WCCF; b) properly train, supervise, discipline, retain, hire, and/or discharge its employees agents, and/or representatives; and c) were otherwise negligent in their care and treatment of the Decedent, and as a direct and proximate result, the Decedent was killed and the Plaintiff sustained the harms alleged herein.

## RESPONDEAT SUPERIOR

20.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 19 hereinabove.

21.     Warden Byrd and Defendant John Does 1-100 acted with negligence, gross negligence, and/or intentionally by opening the cell doors on April 20, 2013, or by failing to ensure the cell doors were properly secured.  At all times relevant, each Defendant owed a duty

to the Decedent to ensure his safety, and the Defendants breached this duty.  The actions and inactions of Defendant John Does 1-100 led directly to the injuries suffered by the Decedent and Plaintiff.  Defendants CCA, Warden Byrd and John Does 1-100 as employees are liable for their actions which were undertaken during the course and scope of their employment at GEO.

22.     CCA is also responsible for the actions and inactions alleged hereinabove against Warden Byrd and Defendant John Does 1-100 which caused the damages suffered by the Decedent and Plaintiff.  Also such actions and/or inactions by the individual Defendants were committed within the course and scope of their employment with CCA.

### § 1983 CAUSES OF ACTION

23.     Plaintiff incorporates all allegations set forth in Paragraphs 1 through 22 hereinabove.

24.     By allowing the inmates out of their cells on April 20, 2013 for the sole purpose of attacking the Decedent and other WCCF inmates, Defendants CCA, Warden Byrd and Doe Defendants 1-100 violated clearly established constitutional rights, including but not limited to:

a)     Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

b)     Decedent's right not to be deprived of liberty without due process of law;

c)     Decedent's right to be safe and protected from injuries while in Defendants' custody;

d)     Decedent's right to be protected by the correctional officers while under their control; and

e)     Decedent's right to be free from excessive and unreasonable force.

25.     Defendant John Does 1-100's actions were clearly not objectively reasonable.  At all times, Defendant John Does 1-100 were acting under color of state law.

7

26.     As a direct and foreseeable result of the Defendant John Does 1-100's actions, Plaintiff suffered damage including but not limited to, physical injuries, emotional distress, mental anguish, as well as pain and suffering.

27.     Defendant CCA, by and through Warden Byrd and John Does 1-100 in their individual and official capacities, established customs, policies and procedures which directly and proximately caused the deprivation of the Decedent's constitutional rights as alleged herein. Defendants were deliberately indifferent to the safety of the Decedent and other WCCF inmates. These policies created unconstitutional conditions of confinement.

28.     Such unwritten policies, customs and practices include but are not limited to the following:

> a.     inadequate and improper training, supervision and discipline of WCCF corrections officers;
>
> b.     inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers who practice, condone or use excessive force upon WCCF inmates, including the Decedent, in violation of their constitutional rights.
>
> c.     inadequate and improper procedures, policies and practices for investigating improper activities by WCCF correctional officers either through offender complaints of misconduct or through internally-initiated complaints or investigations.
>
> d.     inadequate or improper procedures, policies and practices for identifying and taking appropriate action against WCCF correctional officers who are in need of re-training, corrective measure, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent the violation of inmates' rights.
>
> e.     condoning and allowing WCCF correctional officers to allow inmates to fight; and
>
> f.     failing to prevent and/or investigate allegations of improper relationships between EMCF correctional officers and WCCF inmates.

8

29.     Upon information and belief, the Plaintiff charges that CCA, through Warden Byrd, and/or Defendant John Does 1-100 had prior knowledge that a fight was being planned or was sufficiently imminent, yet chose not to take any action to prevent this fight.  Warden Byrd and John Does 1-100 were deliberately indifferent to the safety of the Decedent and other WCCF inmates.  As a direct and foreseeable result of this actions and inactions of Defendants CCA, Warden Byrd and John Does 1-100 to take the necessary steps to prevent this fight, the Plaintiff suffered the harm alleged herein.

## PUNITIVE DAMAGES

30.     The Plaintiff incorporates all allegations set forth in Paragraphs 1 through 29 hereinabove.

31.     The Defendants have acted in complete disregard for the safety of the Decedent by acting in a negligent and/or grossly negligent manner as previously described herein.  The actions of the Defendants warrant punitive damages.

32.     The Defendants' actions exhibited negligence and/or gross negligence and direct disregard of the safety of the Decedent.  Punitive damages should be awarded against the Defendants.  Defendants' tortious actions have caused the wrongful death of the Decedent, and the Plaintiff's emotional distress and mental anguish.

## PRAYER FOR RELIEF

The Plaintiff requests a jury trial and seeks the following relief:

A.     Compensatory damages of, from and against the Defendants, each and severally, in amount to be determined by this Court;

B.     Punitive damages of, from and against the Defendants, in an amount to be determined by this Court;

C.     Reasonable attorney's fees and all costs of this court;

D.      Pre and post judgment interest; and

E.      Such other general and special relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, THIS the ___13th___ day of August, 2013.

JANICE FLOWERS, Individually and as Personal
Representative on Behalf of the Wrongful Death
Beneficiaries of Demond DeAngelo Flowers


BY: _____
CHARLES R. MULLINS


OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600

AAFRAM Y. SELLERS (MB# 100261)
BRICE R. WHITE (MB# 103190)
SELLERS & ASSOCIATES, PLLC
5760 Interstate 55 North, Suite 300
Jackson, Mississippi 39211
Telephone: (601) 352-0102
Facsimile: (601) 352-0106